948 So.2d 915 (2007)
A.G. EDWARDS & SONS, INC., Appellant,
v.
Harriet H. DUBLON, individually, as Trustee of the Harriet H. Dublon Trust, and as Beneficiary of the Richard J. Dublon Trust, Appellee.
No. 4D06-3502.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
*916 Marc S. Dobin and Brian D. Buckstein of Dobin & Jenks, LLP, Jupiter, for appellant.
Jack Scarola and Patrick E. Quinlan of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
KLEIN, J.
Harriet Dublon brought this action against A.G. Edwards & Sons, Inc. for losses which occurred in two different accounts. The trial court ruled that, as to the account in which she signed the account agreement, she had to arbitrate all but one of the numerous claims involving that account. As to the other account, a trust account in which she was the beneficiary, but not the signatory, the court ruled that she was not required to arbitrate. We affirm the latter, but reverse in part the former.
The claims, which were also against her account executive, Ronald Flint, alleged conversion, unjust enrichment, breach of fiduciary duty, fraud, negligence and other causes of action. As to the first account, in which she signed the contract opening the account as trustee of the Harriet H. Dublon Trust, the trial court ruled that all of the accounts except the claim for breach of fiduciary duty were subject to arbitration. The breach of fiduciary claim specifically was based on the allegation that A.G. Edwards had failed to warn her that Flint, her broker for A.G. Edwards, had been fired for engaging in improper conduct. It was further alleged that she remained with Flint after he left A.G. Edwards and transferred her account to another company, resulting in more losses.
The relevant arbitration provisions for both accounts are:
This Agreement sets forth the terms and conditions governing the UltraAsset Account (the "UAA") financial service to which the undersigned is applying with A.G. Edwards & Sons, Inc. (Edwards).
* * *
In consideration for Edwards . . . accepting one or more accounts of the undersigned . . . the undersigned agrees as follows:
* * *
The undersigned agrees, and by carrying any account for the undersigned, Edwards agrees that all controversies between the undersigned and Edwards . . . that may arise for any cause whatsoever shall be determined by arbitration . . .
* * *
This arbitration provision shall apply to any controversy or claim or issue in any controversy arising from events which occurred prior, on or subsequent to the execution of this arbitration agreement. . . .
The trial court found that the breach of fiduciary duty to warn was not arbitrable based on Episcopal Diocese v. Prudential Securities, Inc., 925 So.2d 1112, 1113 (Fla. 5th DCA), rev. denied, 939 So.2d 93 (2006). In that case the fifth district held that a claim of breach of fiduciary duty based on the failure to warn was not arbitrable under the following arbitration provision:
I agree that all controversies which may arise between us concerning any transaction (whether executed or to be executed within or outside of the United States), (sic) my account or this or any other agreement between us, whether entered into prior, on, or subsequent to the date indicated on the signature page, shall be determined by arbitration.
The contract in the present case requires arbitration of "all controversies . . . that may arise for any cause whatsoever." *917 It does not contain the "concerning any transaction" language which existed in Episcopal Diocese. This broader arbitration language covers the breach of fiduciary duty to warn claim advanced in this case. And there is a sufficient connection between the dispute and the contract containing the arbitration clause to satisfy Seifert v. United States Home Corp., 750 So.2d 633 (Fla.1999).
We next address whether the claims involving the Richard M. Dublon Trust account, the second account, must be arbitrated. This trust was created when Richard passed away in 1992, pursuant to the terms of a marital trust, and the trustee of the trust was Flint, with Harriet as the beneficiary. Although Harriet did not sign this account agreement, A.G. Edwards argues that the first account agreement, which she did sign, requires her to arbitrate any claims involving this separate account. It relies on A.G. Edwards & Sons, Inc. v. Myrick, 88 Ark.App. 125, 195 S.W.3d 388 (2004), in which the agreement provided that the arbitration clause applied to any controversy "arising out of this agreement . . . or any account with Edwards." The account agreement in this case does not, however, contain that broad language. Rather, the agreement Harriet signed provided:
This Agreement sets forth the terms and conditions governing the UltraAsset Account (the "UAA") financial service to which the undersigned is applying with A.G. Edwards & Sons, Inc. (Edwards).
Myrick is accordingly distinguishable. Nor does the fact that Harriet is the beneficiary of the trust, in and of itself, bind her to arbitration, in the absence of her signature to the account agreement. Morgan Stanley DW, Inc. v. Halliday, 873 So.2d 400 (Fla. 4th DCA 2004).
We accordingly reverse for arbitration of all claims on the account signed by Harriet and affirm in all other respects.
STEVENSON, C.J. and SHAHOOD, JJ., concur.